13151.　CHOTAS & GUST *v.* TURMAN & CO.

STEPHENS, J.　1.　Where it is agreed between a landlord and his renting
　　agent that the agent shall have the right to collect the rents accruing
　　under a certain lease contract for and during the full term of the
　　lease, and, in the event of the landlord's selling the property or with-
　　drawing it from the agent and depriving the latter of the right to
　　collect the rents, that the agent shall be entitled to be paid, as liquidated
　　damages from the landlord, an amount equivalent to an agreed com-
　　mission upon the stipulated amount as rent for the remainder of the
　　term of the lease, a rescission of the lease contract by agreement between
　　the landlord and the tenant, when done by the landlord in good faith
　　and as a result of a mutual mistake of all the parties, including the
　　renting agent who negotiated the contract as agent for the landlord,
　　as to the suitability of the rented premises for the uses intended,
　　and not as a subterfuge devised by the landlord to avoid the appearance
　　of a violation by him of his contract with the agent, does not amount
　　to a withdrawal of the property from the agent by the landlord; and
　　such act of the landlord, therefore, is not a violation of the latter's
　　contract with the agent.
2.　In a suit by a renting agent against the landlord to recover damages
　　for an alleged breach by the landlord in withdrawing from the agent
　　the right to collect the rents from the tenant, a plea by the defendant

set up a good defense and was improperly stricken where it alleged that the defendant and the tenant had by mutual consent cancelled and rescinded the contract between themselves for the reason that they, together with the plaintiff who had acted as the defendant's agent in making the contract, had acted under mutual mistake of fact in believing that certain posts and pillars erected in a building on the rented premises could be removed so as to render the premises suitable and desirable as a pool-room, as was intended by all the contracting parties, when as a matter of fact, as it afterwards appeared, the posts and pillars could not be removed, because the building inspector of the city would not allow such removal, upon the ground that their removal would render the building unsafe.

3. The defendant's plea having been stricken and a judgment rendered in behalf of the plaintiff, the judge of the superior court erred in overruling the certiorari.

<em>Judgment reversed. Jenkins, P. J., and Bell, J., concur.</em><br>
Decided September 23, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. October 12, 1921.

*Howard Stevens,* for plaintiffs in error.

*Hewlett & Dennis,* contra.